[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 10, 2009
THOMAS K. KAHN
CLERK

No. 08-16547
Non-Argument Calendar
_____

D.C. Docket No. 04-00432-CV-OC-10-GRJ

BONNIE KUEHN,

Plaintiff-Appellee,

versus

THE CADLE COMPANY, INC.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 10, 2009)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

# I. BACKGROUND

Bonnie Kuehn received a dunning letter printed on Cadleway Properties, Inc. letterhead. Kuehn brought a putative class action against Cadleway, alleging that the letter violated the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

After the statute of limitations had run, Kuehn filed an Amended Complaint naming The Cadle Company, and not Cadleway, as the Defendant, and alleging that it was Cadle who had sent the offending letter.

Cadle moved to dismiss the Amended Complaint, arguing, among other things, that it was barred by the one-year statute of limitations, and did not relate back to the filing of the original Complaint because it added a new Defendant. The district court denied Cadle's motion.

As the litigation progressed, class action certification was denied and Kuehn narrowed her claims to violations of the Fair Debt Collection Practices Act. She moved for summary judgment on those claims, which the district court granted in part and denied in part.[1]

Cadle now appeals the final judgment entered in favor of Kuehn.

---

[1]The district court *sua sponte* granted summary judgment to Cadle on those claims for which it denied Kuehn's summary judgment motion. (R.3-87 at 12 n.13.)

## II.  CONTENTIONS OF THE PARTIES AND ISSUES ON APPEAL

First, Cadle argues on appeal that the district court erred in denying its motion to dismiss.  Specifically, Cadle argues that the Amended Complaint was barred by the one-year statute of limitations, and that the district court abused its discretion in concluding that the Amended Complaint related back to the filing of the original Complaint.  Kuehn responds that the district court did not abuse its discretion in concluding that the requirements of Fed. R. Civ P. 15(c)(1) were met, and that the Amended Complaint therefore related back to the time of the filing of the original Complaint.

Second, Cadle argues that the district court erred in granting in part Kuehn's motion for summary judgment, as the issue of whether a dunning letter violated 15 U.S.C. § 1692e(10) is a jury question under Eleventh Circuit precedent.  Kuehn responds that a jury question is only presented when there is a factual dispute as to the deceptiveness of the dunning letter.  Here, contends Kuehn, there was no such dispute, and thus summary judgment was appropriate.

In this appeal we determine whether the district court abused its discretion in concluding that the Amended Complaint related back to the filing of the original Complaint. Additionally, we determine whether the dunning letter's alleged violation of 15 U.S.C. § 1692e(10) should have been submitted to a jury.

## III.  STANDARD OF REVIEW

We review a district court's application of Rule 15(c)'s relation-back doctrine for an abuse of discretion.  *Powers v. Graff*, 148 F.3d 1223, 1226 (11th Cir. 1998) (citations omitted).  We review for clear error "the findings of fact necessary for application of the rule."  *Id.* (citations omitted).

We review de novo the district court's grant of summary judgment.  *Boim v. Fulton County Sch. Dist.*, 494 F.3d 978, 982 (11th Cir. 2007).

## IV.  DISCUSSION

Cadle argues that Kuehn's mistake in initially suing Cadleway instead of Cadle is "not the type of mistake contemplated by Rule 15(c)(3)."  (Appellant's Br. at 12.)  Cadle argues that relation back is only appropriate under Rule 15(c) when "the plaintiff sues the correct party but misidentifies that party."  (*Id.* at 18.)  Cadle contends that Kuehn stated in her papers opposing Cadleway's Motion to Dismiss that Cadle might be the party who sent the letter, and therefore Kuehn knew Cadle was the correct party to sue, could have amended her Complaint within the statute-of-limitations period, and her failure to do so precludes application of the relation-back doctrine.  Cadle does not dispute that the other requirements of the relation-back doctrine are satisfied, (Appellant's Reply Br. at 1 n.1), and so we address only whether Kuehn's mistake satisfies the requirement of Rule 15(c)(1)(C)(ii).

Kuehn's mistake as to the correct party to sue, Cadleway or Cadle, is the type of mistake contemplated by Rule 15(c)(1)(C)(ii). In *Itel Capital Corp. v. Cups Coal Co.,* 707 F.2d 1253 (11th Cir. 1983), we concluded that there was no abuse of discretion when the district court permitted the relation back of an amended complaint which added a defendant who was at the heart of the conduct at issue and who was a 97% owner of the originally named defendant. *Id.* at 1258. We noted that, "In reaching this conclusion, we read the word 'mistake' in Rule 15(c) liberally." *Id.* at 1258 n.9 (citation omitted). Here, Kuehn sued the company named on the letter giving rise to the lawsuit. The district court found that, upon learning that the letter was not sent by the company listed on the letter, but by another closely-related company, Kuehn immediately amended her Complaint.[2] (R.2-39 at 16.) The district court did not abuse its discretion in concluding that the Amended Complaint related back to the time of the filing of the original Complaint.

Cadle next argues that the district court erred in granting summary judgment in part to Kuehn on her Fair Debt Collection Practices Act claim. In particular, Cadle argues that the district court erred in concluding that the dunning letter violated 15 U.S.C. § 1692e(10) as a matter of law. Cadle argues that we held in *Jeter v. Credit*

___

[2]Cadle cites Kuehn's opposition to its Motion to Dismiss as evidence that the district court's finding is clearly erroneous. (Appellant's Br. at 10-11.) Having reviewed the record evidence Cadle cites, we conclude the district court's finding was not clearly erroneous.

*Bureau, Inc.*, 760 F.2d 1168, 1176 (11th Cir. 1985) that the issue of whether a dunning letter violates 15 U.S.C. § 1692e(10) is an issue for a jury and should not be decided as a matter of law.

In *Jeter*, we did not hold that whether a dunning letter violates 15 U.S.C. § 1692e(10) is always a question for a jury. Rather, we held that if there are two sets of reasonable inferences that could be drawn from a dunning letter, and one set of inferences would result in a violation of 15 U.S.C. § 1692e(10), while the other would not, it was appropriate for a jury to decide which set of inferences to draw. 760 F.2d at 1176.

In this case, the dunning letter stated:

> Also enclosed is an IRS-generated W-9 to certify your Tax Identification Number (TIN). For individuals, this is your Social Security Number. Please complete this form indicating the above account number, and sign and return it to us as soon as possible. You are subject to a $50 penalty imposed by the IRS under 26 U.S.C. § 6723 if you fail to furnish a TIN.

(R.1-14, Ex. A at 1.) The letter clearly states that the failure to provide a TIN would subject Kuehn to a $50 penalty imposed by the IRS. Cadle admits that this is only true if it had to file a 1099-C, and nothing had yet occurred that made filing a 1099-C necessary.[3] (R.3-78 at 11.) Only one inference is possible from the dunning letter,

---

[3]Cadle cites 26 C.F.R. § 1.6050P-1(e)(7)(ii) for the proposition that it was required to warn Kuehn that a failure to provide a TIN subjected her to a $50 penalty. (R.3-78 at 11.) The regulation

and that is that the failure to complete the enclosed W-9 form and return it to Cadle would subject Kuehn to a $50 penalty imposed by the IRS. But, that is misleading.

Cadle's threat that Kuehn's failure to supply her TIN would subject her to a penalty imposed by the IRS violates 15 U.S.C. § 1692e(10) as a matter of law. 15 U.S.C. 1692(e) states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> * * *
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

Here, the threat that Kuehn would be subject to an IRS penalty for failure to furnish her TIN was a misleading statement that was used in an attempt to obtain her TIN. Cadle violated the statute as a matter of law. The district court correctly entered summary judgment for Kuehn on this claim.

---

does not support Cadle's argument. It states that the warning must be included in a letter soliciting a TIN only *after* the occurrence of an identifiable event. 26 C.F.R. § 1.6050P-1(e)(7)(ii). An identifiable event is one that triggers a requirement to file a 1099-C. *Id.* at § 1.6050P-1(a). But, Cadle admits that nothing had occurred yet (i.e. there was no identifiable event) that triggered its requirement to file a 1099-C. (R.3-78 at 12.)

## V.  CONCLUSION

The district court did not abuse its discretion in concluding that the Amended Complaint related back to the time of the filing of the original Complaint. Additionally, the district court properly granted summary judgment in part to Kuehn. We affirm the judgment of the district court.

AFFIRMED.